```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

UNITED STATES OF AMERICA,      )
                               )
         v.                    ) CAUSE NO. 2:06 MJ 113
                               )
JOE NATHAN KING                )
```

OPINION AND ORDER OF DETENTION

At the April 28, 2006 initial appearance, the government requested that the defendant, Joe Nathan King, be held without bond.  A detention hearing was scheduled for May 3, 2006 but continued until May 10, 2006 at the request of the defendant. The court now makes the following findings of fact:

1.   The defendant currently is charged in a criminal complaint with a violation of 21 U.S.C. §841(a)(1).  If convicted, the defendant faces a mandatory minimum sentence of five years imprisonment and a maximum sentence of 40 years imprisonment.

2.   At the detention hearing, the government relied upon the probable cause affidavit and the prebond report prepared by the United States Probation Department.  The defendant cross examined Michael Barnes, a Gary police officer assigned to the GRIT Task Force.

3.   On April 26, 2006, Gary police officers were in possession of a state court search warrant for 1931 Vermont Street, Gary.  The warrant was obtained based upon a controlled buy of crack cocaine from the defendant.

4.   Prior to executing the warrant, the police saw the defendant driving a vehicle with Terrin Riley as a passenger.

Because the police were aware that the defendant had a suspended license, the vehicle was stopped.  A search of the vehicle revealed two baggies of crack cocaine and a loaded .45 cal. handgun under the passenger seat.

    5.   A subsequent search of 1931 Vermont Street revealed crack cocaine, digital scales, plastic bags, and a drug ledger. The total weight of the cocaine was in excess of 50 grams.

    6.   After his arrest, the defendant gave a statement to the GRIT Task Force.  He admitted that the crack cocaine recovered at 1931 Vermont Street belonged to him, but he claimed that the crack cocaine and handgun recovered in his vehicle belonged to Riley.

    7.   The defendant was unemployed at the time of his arrest.

    8.   In the prebond report, the defendant admitted that he is undergoing treatment for alcohol abuse.

    9.   On February 2, 2006, the defendant pled guilty to possession of a handgun without a permit and driving while suspended.  He was placed on probation for one year.  Therefore, the conduct alleged in the criminal complaint occurred while the defendant was on probation.

    10.  According to the prebond report, the defendant has used a fictitious name, social number, and date of birth.  Additionally, the defendant is a member of the Vice Lords street gang.

    Under 18 U.S.C. §3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years

imprisonment. An individual who is in possession of both narcotics and a firearm is a danger to the community. In *United States v. Anderson*, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product Anderson chose to sell, are dangerous, addictive, and destructive to the user. Sellers viciously fight over customers and selling territory. We have consistently held that guns are typical tools of this dangerous trade. In short, while "not all drug offenses are violent," the drug trade and culture are inherently violent. Users will rob and maim to obtain money for their next purchase. Street sellers and large quantity distributors alike inflict wanton violence upon competitors and traitors.
>
> 72 F.3d at 567

*See also United States v. Thompson*, 286 F.3d 950, 960 (7th Cir. 2002) (The Court of Appeals commented on the relationship between weapons and narcotics trafficking because "of the violent nature of the drug business"); *United States v. Johnson*, 170 F.3d 708, 719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on society, especially on the lives of those who live in the midst of the dangerous drug culture"); *United States v. Stowe*, 100 F.3d 494, 499 (7th Cir. 1996) ("drug dealing is a crime infused with violence").

The defendant is charged with distributing crack cocaine. In *United States v. Lawrence*, 951 F.2d 751 (7th Cir. 1991), the Court of Appeals stated:

> Drug use is a cancer that threatens society, particularly in the form of increased criminal activity. The highly addictive nature of crack, its growing availability, and relative

3

>   low cost all serve to increase the risks
>   associated with its use.

    951 F.2d at 755

See also **United States v. Thornton**, 197 F.3d 241, 246 (7th Cir. 1999) ("The drug of choice is invariably cocaine, often in its most addictive form as crack"); **United States v. Robinson**, 164 F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); **United States v. Booker**, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market at-tracts younger, presumably more crime-prone sellers.)") (internal quotation marks omitted); **United States v. Jones**, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

   The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e)  While the defendant was on probation in state court, police officers made a controlled buy of crack cocaine.  A search of the residence revealed additional crack cocaine, drug para-phernalia, and a drug ledger.  In a statement, the defendant admitted that he owned the crack cocaine found during the search.

   The defendant currently is unemployed and has admitted to an

4

alcohol problem.  *See generally* **United States v. Raimondi**, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  The defendant also is a member of the Vice Lords street gang.  *See generally* **United States v. Jemison**, 237 F.3d 911, 918 (7th Cir. 2001) ("judges and the public are not blissfully ignorant of the connection between criminal violence and street gangs").

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.  The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 12th day of May, 2006

```
                              s/Andrew P. Rodovich
                                United States Magistrate Judge
```